The plaintiff sues, as will be seen by the title, as the treasurer of Cayuga Lodge, No. 80, of the Independent Order of Odd Fellows of Northern New-York, to recover certain property, alleged to be owned by the said organization and wrongfully withheld by the defendants. The question is the right of property, and the plaintiff must show the title of those he represents before he can recover. It is not claimed that Cayuga Lodge, No. 80, is a corporation, or has power to sue and be sued as such; but the action is brought under the provisions of the act of April 7th, 1849, and the amendment thereto, passed July 9th, 1851, authorizing any company or association, composed of not less than seven persons, "who are owners of, or have an interest in, any property, right of action or demand, jointly or in common, or who may be liable to any action on account of such ownership or interest," to sue and be sued in the name of the president or treasurer.
The property in controversy was held and owned by an association, of which the defendants were members, known by the same name as that represented by the plaintiff, and was confiscated and the title declared to be vested in the plaintiff's association, by a decree of the Grand Lodge of Odd Fellows of Northern New-York, to which both associations were subordinate, for some act of contumacy and insubordination committed by the defendants' association, which it is not material to particularize further. This is the only title the plaintiff sets out in his complaint.
The by-laws and regulations of these voluntary associations may all be very well in their place and sphere, and may command generally the obedience and submission of those upon whom they are designed to act; they cannot, however, have the force of law, nor impair or affect the rights of property, against the will of its real owners. So long as the members of these bodies yield their assent or concurrence, it is all very well; the law interposes no obstacle or objection. But when orders and decrees, of the character *Page 125 
of those referred to, are resisted, and the owners of property refuse to be deprived of it, then it will be found that property has rights, and the courts of justice have duties, of which the plaintiff in this action seems to have an indifferent conception. The courts of justice cannot be called upon to aid in enforcing the decrees of these self-created judicatories. The confiscation and forfeiture of property is an act of sovereign power; and the aid of this or any other court will not be rendered to enforce such proceedings, or to recognize legal or supposed legal rights founded upon them.
After what has been said by Lord ELDON, in Lloyd v. Loring
(6 Ves., 773), and by my learned associate, Judge SELDEN, in this case, I will not pursue the subject further. The judgment should be affirmed.
The court declined to pass upon the question whether the plaintiff was entitled to sue in the capacity of treasurer, under the statutes of 1849 and 1851, but all the judges concurred in the opinions delivered on the other ground.
Judgment affirmed